UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA BERGHUIS, on behalf of herself and others similarly situated,<br><br>                                   Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, INC.; and DOES 1 to 10, inclusive,<br><br>                                   Defendant. | Case No.:  3:22-cv-00871-JES-KSC<br><br>**ORDER GRANTING DEFENDANT FORD MOTOR COMPANY'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>**[ECF No. 35-1]** |

Pending before the Court is Defendant Ford Motor Company, Inc.'s ("Ford") motion to dismiss ("Motion") Plaintiff Victoria Berghuis's ("Berghuis") Second Amended Complaint for deficient pleading, failure to state a claim upon which relief can be granted, lack of equitable jurisdiction and lack of subject matter jurisdiction due to lack of Article III standing. ECF No. 35-1. Plaintiff filed an opposition (ECF No. 36), and Defendant filed a reply (ECF No. 39). After due consideration and for the reasons discussed below, the Motion is **GRANTED**.

//

//

//

# I.   BACKGROUND

## A. Regulatory Background

California Health & Safety Code § 43200 authorized the California Air Resources Board ("CARB") to adopt regulations for vehicle emissions, including the California Emissions Warranty (Cal. Code Regs. Tit. 13 § 2035 *et seq*.). The warranty provides for defects (13 C.C.R § 2037) and performance (13 C.C.R § 2038). Under 13 C.C.R § 2037(b), manufacturers must warrant that the vehicle or engine is "designed, built, and equipped so as to conform with all applicable regulations adopted by [CARB]," and "free from defects in materials and workmanship which cause the failure of a warranted part . . . including any defect in materials or workmanship which would cause the vehicle's on-board diagnostic malfunction indicator light to illuminate." Under 13 C.C.R § 2038(b), manufacturers must warrant that the vehicle or engine is "designed, built, and equipped so as to conform with all applicable regulations adopted by [CARB]," and "will . . . pass an inspection established under section 44012 of the Health and Safety Code" ("smog check"). For both defects and performance, the warranty generally provides coverage for a period of up to three years or 50,000 miles. 13 C.C.R § 2037(b); § 2038(b). For partial zero emissions vehicles ("PZEV"), California extends the warranty coverage period set forth in 13 C.C.R §§ 2037(b) and 2038(b) to 15 years or 150,000 miles. 13 CCR § 1962.1(c)(2)(D).

The California Emissions Warranty defines a "warranted part" as "any part installed on a motor vehicle or motor vehicle engine . . . which affects any regulated emission . . . subject to California emission standards." 13 C.C.R § 2035(c)(3)(B). An "emissions-related part" is defined as "any automotive part which affects any regulated emissions from a motor vehicle . . . subject to California or federal emissions standards." 13 C.C.R § 1900(b)(3); 13 C.C.R § 2601(i). Such parts include those listed on the "Emissions-Related Parts List" adopted by CARB, last amended in June 1990. *Id*. Further, an "emissions-related motor vehicle part" is defined as "any direct replacement automotive part or any automotive part certified by executive order of the state board that may affect emissions from a motor vehicle." Cal. Health & Safety Code § 39027.3(e).

### B. Procedural Background

On June 14, 2022, Plaintiff initially filed this putative class action alleging violations of California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200 *et seq*.). ECF No. 1. On September 19, 2022, Defendant filed its first motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim. ECF No. 6. On September 30, 2022, the parties filed a joint motion to vacate the motion to dismiss the complaint. ECF No. 9. On October 10, 2022, Plaintiff filed a First Amended Complaint ("FAC"). ECF No. 12. On October 24, 2022, Defendant filed a motion to dismiss the FAC. ECF No. 14. On November 28, 2022, Plaintiff filed an opposition. ECF No. 19. On December 19, 2022, Defendant filed a reply. ECF No. 20. On July 31, 2023, the parties filed a joint motion to file a Second Amended Complaint and set a briefing schedule for a motion to dismiss. ECF No. 29. On September 15, 2023, Plaintiff filed her Second Amended Complaint ("SAC"). ECF No. 32. This is the operative complaint in this matter.

### C. Plaintiff's Allegations

Plaintiff is a citizen of California and the owner of a 2014 Ford Focus (VIN 1FADP3K28FL185844), purchased and registered in California. SAC ¶¶ 4, 77. Plaintiff's vehicle was manufactured by Defendant, a Delaware corporation. *Id*. ¶ 5. On December 28, 2021, Plaintiff presented the vehicle for repairs at a Ford authorized repair facility. *Id*. ¶ 78. Plaintiff paid $180.00 for a diagnostic fee, and the repair order indicated a defective transmission clutch. *Id*. ¶¶ 80-81. At that time, the vehicle's odometer read 77,283 miles. *Id*. ¶ 78. The mileage placed the vehicle outside of Ford's Powertrain Warranty, which covers transmission repairs up to five years or 60,000 miles. ECF No. 35-1 at 10. Ford refused to cover the repair under the California Emissions Warranty and advised Plaintiff that she would need to pay for repairs to the transmission clutch. SAC ¶ 83. Plaintiff has since paid to repair or replace her transmission. *Id*. ¶¶ 2, 224.

Plaintiff alleges that the California Emissions Warranty, which provides extended coverage up to 15 years or 150,000 miles, applies to her vehicle and that the transmission clutch is a warranted part entitled to coverage. *Id*. ¶¶ 79, 88, 91-92. Plaintiff alleges that

the transmission clutch is a warranted part based on the following: (1) the transmission clutch was slipping outside of expected limits, causing an increase in regulated emissions; (2) the defective transmission clutch should have caused the vehicle's Malfunction Indicator Light ("MIL" or "check engine light") to illuminate; and (3) the defective transmission clutch would cause the vehicle to fail a smog check. *Id*. ¶¶ 38, 82, 84, 91. Thus, Plaintiff alleges that her vehicle should have been repaired at no cost to her. *Id*. ¶¶ 33-34.

Plaintiff further alleges that Defendant was legally required, but failed, to list the transmission clutch as a warranted part under the California Emissions Warranty in their application for certification to CARB. *Id*. ¶¶ 168, 217-18.

Based on the above facts, Plaintiff alleges that Defendant violated the UCL, which prohibits "any unlawful, unfair or fraudulent business act or practice." *Id*. ¶¶ 212-27. Plaintiff alleges that she only pursues claims under the unlawful and unfair prongs of the UCL and does not assert a claim for fraud. Id. ¶ 141. Plaintiff seeks equitable relief including, but not limited to: (1) restitution for amounts wrongfully paid by Plaintiff and Class members; (2) declaratory relief that Defendant violates the California Emissions Warranty, thus constituting an unfair and unlawful business practice in violation of the UCL; and (3) public injunctive relief requiring Defendant to identify the transmission and transmission-related parts as covered under the California Emissions Warranty. *Id*. at 58-61.

## II.    LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim tests the legal sufficiency of a plaintiff's claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When considering the motion, the court must accept as true all well-pleaded factual allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true legal conclusions cast as factual

allegations. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient).

A complaint must "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To survive a motion to dismiss, a complaint must include non-conclusory factual content. *Id.* at 555; *Iqbal*, 556 U.S. at 679. The facts and the reasonable inferences drawn from those facts must show a plausible—not just a possible—claim for relief. *Twombly*, 550 U.S. at 556; *Iqbal*, 557 U.S. at 679; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 557 U.S. at 679. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.* at 678-79; *see also Moss*, 572 F.3d at 969.

When a court dismisses a complaint under Rule 12(b)(6), it must then decide whether to grant leave to amend. Federal Rule 15(a) provides that a district court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). A district court has discretion to deny leave to amend when a proposed amendment would be futile. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 725-26 (9th Cir. 2000). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). In other words, if allowing a party to amend its pleading would be futile, district courts properly decline to grant leave to amend. *Thinket Ink Info. Res., Inc. v. Sun Microsys., Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (citing *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)).

### B. Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires pleadings alleging fraud to "state with particularity the circumstances constituting fraud . . . ." The particularity requirement applies to state-law causes of action in federal diversity cases. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). In cases where fraud is "not an essential element

of the claim," Rule 9(b) still applies when the plaintiff "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of that claim." *Id*.; *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). In these cases, the claim "sound[s] in fraud, and the pleading . . . as a whole must satisfy the particularity requirement of Rule 9(b)." *Id*. (internal quotation marks omitted). Further, in cases where fraud is not an essential element of the claim, and both fraudulent and non-fraudulent conduct is alleged in the complaint, "only allegations . . . of fraudulent conduct must satisfy the heightened pleading requirements of Rule 9(b)." *Vess*, 317 F.3d at 1105.

Allegations of fraud "must be accompanied by the who, what, when, where, and how of the misconduct charged." *Id*. at 1106 (internal quotation marks omitted). A party alleging fraud must go beyond describing neutral facts identifying the transaction, and "set forth what is false or misleading about a statement, and why it is false." *Id*. (internal quotation marks and citation omitted).

## III.   DISCUSSION

### A. Plaintiff Satisfies Pleading Requirements Under FRCP 9(b)

A business may violate the UCL if its actions are either unlawful, unfair, or fraudulent. *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010). Each of the three adjectives represent "a separate and distinct theory of liability." *Id*. (citations omitted). Ford argues that Plaintiff must satisfy Rule 9(b) heightened pleading requirements because Plaintiff's claims allege a unified course of fraudulent conduct by "repeatedly alleg[ing] that Ford acted systematically with intent, knowledge, and the motivation to save money." ECF No. 35-1 at 12-13. Plaintiff argues that Rule 9(b) does not apply because she does not pursue claims under the "fraudulent" prong of the UCL and is not required by the other UCL prongs to allege a particular state of mind by the Defendant. ECF No. 36 at 28. In the alternative, Plaintiff argues that her Complaint satisfies Rule 9(b) particularity requirements. *Id*.

In her Complaint, Plaintiff makes several allegations that "sound in fraud." *Vess*, 317 F.3d at 1103. First, "Ford's systematic conduct demonstrates that it never intended to

provide the statutory coverage." SAC ¶ 18. Next, "even though Ford knew it never intended to honor its duty to provide statutory coverage, it priced that statutory coverage into the car anyway." *Id*. ¶ 19. Next, "Ford has acted . . . in an effort to reduce the amount of money that it spends on warranty-related repairs," and "Ford's conduct is part of a systematic effort to avoid complying with California law." *Id*. ¶ 94. Although Plaintiff alleges that she "does not assert a claim for fraud," she contradicts this when she alleges that one common question of law and fact among Class members is whether "Ford has engaged in fraud and unfair competition." *Id*. ¶¶ 141, 207(d). At minimum, Plaintiff's allegations sound in fraud, thus she "must satisfy the particularity requirement of Rule 9(b)." *Vess*, 317 F.3d at 1103-04.

To meet heightened pleading requirements, Plaintiff must describe the "who, what, when, where, and how," along with what is "false or misleading about a statement, and why it is false." *Id*. at 1106. Plaintiff properly asserts that the "SAC identifies the who (Ford), what (material omission), when (during the class period), where and how of the misconduct (omitted from warranty books), as well as what is false or misleading about the purportedly fraudulent conduct (failed to properly classify parts as emissions warranty parts)." ECF No. 36 at 28. Therefore, the Court holds that Plaintiff has satisfied Rule 9(b) heightened pleading requirements.

### B. Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted

Plaintiff alleges that Ford violated California's UCL when it failed to list the transmission clutch as a warranted part under the California Emissions Warranty, thus failing to repair her vehicle at no cost to her under the warranty. SAC ¶¶ 83, 168, 212-27. In response, Ford argues that Plaintiff does not plausibly allege that (1) her vehicle repair involved a requisite "materials and workmanship" defect that necessitates warranty coverage, nor (2) the part at issue (the transmission clutch) qualifies for coverage under the extended warranty. ECF No. 35-1 at 12. There are three threshold issues. First is whether the alleged defect to Plaintiff's car is a type of defect generally covered under the California Emissions Warranty. Second is the definition of a "warranted part" under the warranty.

Third is whether the transmission clutch is a warranted part subject to coverage. The Court addresses each in turn.

### i.     Defects Covered Under the California Emissions Warranty

Ford asserts that Plaintiff "failed to adequately allege a defect within the scope of the warranty she invokes." ECF No. 35-1 at 13. Ford argues that the 15 year/150,000-mile extended warranty for PZEVs only covers defects in materials and workmanship ("manufacturing defects") and does not cover design defects. *Id*. Ford argues that the extended warranty, as outlined in 13 C.C.R. § 1962.1(c)(2)(D), only applies to warranties under 13 C.C.R. §§ 2037(b)(2) and 2038(b)(2) but does not incorporate §§ 2037(b)(1) and 2038(b)(1). *Id*. at 14. Plaintiff disputes this interpretation, alleging that the warranty covers both design and/or manufacturing defects in PZEVs. ECF No. 36 at 19.

The first applicable regulation is titled "Defects Warranty Requirements for 1990 and Subsequent Model Passenger Cars . . . and Motor Vehicle Engines Used in Such Vehicles."13 C.C.R. § 2037. The "General Emissions Warranty Coverage" in § 2037(b) requires that "[t]he manufacturer of each motor vehicle or motor vehicle engine shall warrant to the ultimate purchaser . . . that the vehicle or engine is: (1) Designed, built, and equipped so as to conform with all [CARB regulations] . . .; **AND** (2) Free from defects in materials and workmanship which cause the failure of a warranted part . . . for a period of three years or 50,000 miles . . .; **AND** (3) Free from defects in materials and workmanship which cause the failure of a ['high-priced' warranted part]." (emphasis added). The second applicable regulation is titled "Performance Warranty Requirements for 1990 and Subsequent Model Passenger Cars . . . and Motor Vehicle Engines Used in Such Vehicles."13 C.C.R. § 2038. The "General Emissions Warranty Coverage" in § 2038(b) requires that "[t]he manufacturer of each passenger car . . . shall warrant to the ultimate purchaser . . . that the vehicle or engine: (1) Is designed, built, and equipped so as to conform with all [CARB regulations] . . .; **AND** (2) Will, for a period of three years or 50,000 miles . . . pass a [smog check] inspection." (emphasis added). The inclusion of the word "and" at the end of each subpart demonstrates that the general warranties outlined in

8

§§ 2037 and 2038 should be read together as a whole, and each subpart is applicable under the warranty.

The extended warranty for PZEVs "[e]xtends the performance and defects **warranty period** set forth in subdivision 2037(b)(2) and 2038(b)(2) to 15 years or 150,000 miles." 13 C.C.R. §§ 1962.1(c)(2)(D) (emphasis added). The statute is clear that the warranty extends the *warranty period* described in 13 C.C.R. §§ 2037(b)(2) and 2038(b)(2), as opposed to only extending to *warranties* applied under §§ 2037(b)(2) and 2038(b)(2).

Ford's argument that the extended warranty only applies to the second subsections, but not to the first subsections, is illogical and unpersuasive. A plain reading of the relevant statutes shows that the extended warranty covers both design and manufacturing defects as described in §§ 2037(b) and 2038(b). The parties do not dispute that Plaintiff's vehicle is a PZEV as defined under the California Emissions Warranty. Thus, if Plaintiff sufficiently alleges a qualifying defect, whether for design or manufacturing, it would be covered under the extended warranty for PZEVs.

### ii.    "Warranted Part" Definition

The parties disagree as to how a warranted part is defined under the California Emissions Warranty. Generally, a warranted part is one that affects any regulated emission subject to California emissions standards. 13 C.C.R § 2035(c)(3)(B). Warranted parts include, but are not limited to, those specified on CARB's Emissions-Related Parts List. 13 C.C.R § 1900(b)(3); 13 C.C.R § 2601(i). The parties do not dispute these general definitions. SAC ¶¶ 25-31; ECF No. 35-1 at 16-17.

Plaintiff further asserts that the definition of a warranted part extends to any vehicle or engine part where a defect in that part causes the vehicle's MIL to illuminate. SAC ¶¶ 32-33. This expanded definition includes parts whose primary function is not emission control, and parts not previously included on CARB's Emissions-Related Parts List. *Id*. Plaintiff supports this proposition through the declaration of Allen Lyons, the former CARB Chief of Emissions Certification and Compliance, who provided the declaration "for the sole purpose of educating the Courts about CARB's interpretation and

9

implementation of California's warranty requirements." *Id*. at ¶ 49. Plaintiff asserts that the declaration "sets forth CARB's interpretation of certain . . . foregoing CCR provisions, including how to define a 'warranted part' for the purposes of the California Emissions Warranty." *Id*. Plaintiff extensively references and quotes the "CARB declaration" in the SAC but failed to attach the declaration itself to the Complaint. SAC ¶¶ 49-53, 59, 65, 135.

At least one court, referenced by both parties, offers insight as to the appropriateness of considering the CARB declaration for this Motion. In *Beligan v. Mercedes-Benz USA, LLC* ("*Beligan I*"), No. SA CV 22-02035-DFM, 2023 WL 3150113, at *4 (C.D. Cal. Feb. 15, 2023), the court granted defendant's 12(b)(6) motion to dismiss in part because of its reading of the plain language of the regulation, rejecting the plaintiff's expansive interpretation. However, in *Beligan v. Mercedes-Benz USA, LLC* ("*Beligan II*"), No. SA CV 22-02035-DFM, 2023 WL 5207426, at *3 (C.D. Cal. May 1, 2023), the court denied defendant's 12(b)(6) motion to dismiss plaintiff's second amended complaint in part because the plaintiff alleged and attached the CARB declaration in support of its contention that a specific part was covered under the California Emissions Warranty. Here, Plaintiff failed to attach the CARB declaration to her SAC, which distinguishes this case from *Beligan II*. Absent the ability to read the CARB declaration, this Court, as in *Beligan I*, declines to expand the definition of a warranted part beyond the plain language of the regulation.

### iii.    Whether Transmission Clutch is a "Warranted Part"

Relying upon the CARB declaration, Plaintiff asserts that under the California Emissions Warranty, emissions-related parts are those whose failure or malfunction can, or are required to, illuminate the MIL, even if the primary function of the component is not emissions control. SAC at ¶¶ 50, 52. To support this proposition, Plaintiff references a customer grievance where "CARB staff stated that the Nissan transmission replacement should be covered under the California Emissions Warranty because a fault code was triggered which caused the MIL to illuminate." *Id*. at ¶ 103. Further, "[t]he failure of the

component illuminated the vehicle's MIL and also caused it to fail a smog check." *Id*. at ¶ 102.

Ford warranted the transmission clutch under its 5-year/60,000-mile Powertrain Warranty but did not warrant the part under its Emission Control System Warranty for California vehicles. ECF No. 35-1 at 10-11. Plaintiff alleges that the transmission clutch is a warranted part under the California Emissions Warranty, should have been included in Ford's list of warranted parts, and should have been repaired by Ford at no cost to her. SAC ¶¶ 33-34, 91-94. Plaintiff arrives at this conclusion through the following chain of events: (1) Plaintiff complained that the car "[h]esitates and jerks when trying to go up in speed [and] . . . believes it may be a transmission issue;" (*Id*. ¶ 78); (2) the car's transmission "had a shudder that was outside the expected limits, indicating a clutch slippage that was outside the expected limits;" (*Id*.); (3) the transmission clutch slipping outside of expected limits causes an increase in fuel consumption and regulated emissions; (*Id*. at ¶¶ 84, 91, 107-17); (4) if the onboard diagnostic system ("OBD II") installed in Plaintiff's car were in compliance with California emissions regulations, then the defective transmission clutch would cause the car's MIL to illuminate; (*Id*. at ¶ 38); (5) the defective transmission clutch "should have caused" the car's MIL to illuminate; (*Id*. at ¶ 82); and (6) the defective transmission clutch "would cause" the car to fail a smog check. *Id*. Plaintiff further asserts that "a vehicle with a defect that increases regulated emissions or triggers an OBD II fault code and illuminates the MIL will not pass a smog [check]." *Id*. at ¶ 40.

As previously discussed, the Court does not currently accept Plaintiff's expansive interpretation of a "warranted part" under the California Emissions Warranty, in part because Plaintiff failed to attach the CARB declaration to her SAC. However, even if Plaintiff provides the declaration and the Court accepts her expansive interpretation, she has not sufficiently pleaded facts to survive Defendant's motion to dismiss.

Plaintiff does not allege that her car's MIL was lit when she sought repairs. *Id*. at ¶ 78. Plaintiff does not allege that the car repair work order indicated that the MIL was lit. *Id*. at ¶ 80. Plaintiff does not allege that the car failed a smog check. *Id*. at ¶ 82. Plaintiff

does not allege that the car's OBD II system failed or malfunctioned. *Id*. at ¶ 84. Rather, Plaintiff alleges that the car's MIL *should have* illuminated, such illumination *would cause* the car to fail a smog check, and the lack of illumination means that the OBD II system in the car was not in compliance with regulations. *Id*. at ¶¶ 38, 82.

Plaintiff cites several cases where circuit courts have denied the defendants' motion to dismiss. ECF No. 36 at 7. However, in most of those cases, the plaintiffs alleged that the MIL actually illuminated, not "should have illuminated." See *Aguirre v. Am. Honda Motor Corp., Inc.*, No. 22-cv-06909-CRB, 2023 WL 4566291, at *2 (N.D. Cal. July 17, 2023) ("the check engine light illuminated"); *De Anda v. Ford Motor Co.*, 668 F. Supp. 3d 976, 982 (C.D. Cal. 2023) ("the Vehicle's check engine light was on"); *Regueiro v. FCA, LLC*, 671 F. Supp. 3d 1085, 1092 (C.D. Cal. 2023) ("the Subject Vehicle's check engine light was coming on and off"); *Martin v. Ford*, No. CV 20-10365-DMG (JPRx), 2022 WL 2062470, at *2 (C.D. Cal. Feb. 17, 2022) ("the car's 'wrench light' illuminated"). In addition to not alleging that the MIL illuminated, Plaintiff does not allege that the transmission clutch is on CARB's Emissions-Related Parts List. SAC ¶¶ 61-62. Plaintiff cites *Beligan II*, ECF No. 36 at 11-12, but that case is distinguishable because the vehicle part in question was on the list. *Beligan II*, 2023 WL 5207426, at *3 ("the List identifies the piston").

Although the Court must accept as true all factual allegations that Plaintiff avers in her SAC, Plaintiff's allegations as related to her UCL claim are not factual. Rather, they are speculative and amount to legal conclusions. The Court holds that Plaintiff has not stated a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 556; *Iqbal*, 557 U.S. at 679; *Moss v. U.S. Secret Service*, 572 F.3d at 969.

Plaintiff must allege facts that plausibly show that the transmission clutch is a warranted part under the California Emissions Warranty. Further, Plaintiff must allege facts that plausibly show that her car experienced a qualifying defect under the warranty. Until these pleading defects are cured, the Court does not find it necessary to address Defendant's alternative arguments that the Court lacks equitable jurisdiction, nor that Plaintiff lacks

Article III standing to pursue injunctive relief. Therefore, Plaintiff's claim that Ford violated California's Unfair Competition Law when it refused to warrant the transmission clutch under the California Emissions Warranty is **DISMISSED without prejudice**.

## IV.   CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED** and the Court grants Plaintiff leave to amend and one final opportunity to cure the defects set forth above. Plaintiff has **30 days** from the date of this order to file a third amended complaint.

**IT IS SO ORDERED.**

Dated:  October 7, 2024

Honorable James E. Simmons Jr.
United States District Judge

3:22-cv-00871-JES-KSC